IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY EUGENE CLARK,**

                **Plaintiff,**

   v.                                                             **CASE NO. 18-3125-SAC**

**CITY OF TOPEKA, et al.,**

                **Defendants.**

**MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE**

    Plaintiff Anthony Eugene Clark, an inmate at the Shawnee County Adult Detention Center in Topeka, Kansas, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Mr. Clark proceeds pro se and has filed a motion for leave to proceed in forma pauperis (Doc. 2).  For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

**I. Nature of the Matter before the Court**

    Plaintiff's Complaint (Doc. 1) challenges the legality of his incarceration.  Plaintiff was sentenced on September 16, 2016, to serve 12 months for violating a protective order in Shawnee County District Court Case No. 16-CR-1416.  The sentence was to run consecutive to a 12-month sentence he received in Case No. 16-CR-0508.  He was released on probation on April 15, 2017.  Plaintiff's probation was revoked on November 2, 2017.  Mr. Clark claims he only had four (4) months remaining in his sentence at that point, yet he remained incarcerated on May 14, 2018, when he filed this action.

1

Plaintiff names as defendants the City of Topeka and the Shawnee County Adult Detention Center. Plaintiff seeks immediate release, as well as compensatory and punitive damages for wrongful incarceration.

## II. Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

Moreover, because, as discussed below, the Court construes Plaintiff's complaint as a §2241 habeas corpus petition, the Court has a duty to summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 4 may be applied in the Court's discretion to actions brought pursuant to 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing 2254 Cases in the United States District Courts; *see also Boutwell v. Keating,* 399 F.3d 1203, 1210 n. 2 (10th Cir .2005) (district court acted within its discretion in applying the Section 2254 Rules to prisoner's § 2241 petition) (citing Rule 1(b)).

## III. Discussion

After reviewing Plaintiff's complaint with the standards set out above in mind, the Court finds that the complaint should be construed as a habeas corpus petition pursuant to 28 U.S.C. § 2241 and is subject to dismissal because Mr. Clark has not exhausted his state court remedies.

2

Plaintiff primarily seeks release from imprisonment. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey,* 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief). Therefore, Plaintiff's claim is not cognizable in a § 1983 action.

Because Mr. Clark challenges the execution of his sentence, rather than the validity of his conviction, this action should have been filed as a habeas corpus petition pursuant to 28 U.S.C. § 2241. *See Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (stating that petition under § 2241 attacks the execution of a sentence rather than its validity). Given Mr. Clark's pro se status, the Court liberally construes his claim as a habeas petition filed pursuant to § 2241.

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). Although 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, exhaustion of available remedies is required for petitions brought under § 2241. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."); *see also Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005) (noting habeas

petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies, absent showing of futility). "The exhaustion of state remedies includes both administrative and state court remedies." *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002)

In the Tenth Circuit, a petitioner may satisfy the exhaustion requirement by showing either (1) "that a state appellate court has had the opportunity to rule on the same claim presented in federal court," or (2) "that at the time he filed his federal petition, he had no available state avenue of redress." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Bear v. Boone*, 173 F.3d 782, 785 (10th Cir. 1999) ("In order to fully exhaust state court remedies, a state's highest court must have had the opportunity to review the claim raised in the federal habeas petition."). Petitioner ultimately bears the burden of showing he has exhausted available state remedies. *See Olson v. McKune,* 9 F.3d 95, 95 (10th Cir. 1993); *see also Cooper v. McKinna*, No. 99-1437, 2000 WL 123753, at *1 (10th Cir. Feb. 2, 2000).

Mr. Clark gives no indication that he has presented his claim to any state court. He does not allege that no state remedy is available to address his claims, and this Court cannot rule out the possibility that the Kansas courts would entertain Mr. Clark's claim. Thus, it is appropriate that this petition be dismissed without prejudice to allow Mr. Clark to exhaust his state remedies. *See Anderson v. Bruce,* 28 F. App'x 786, 788 (10th Cir. 2001).

As for Mr. Clark's claim for damages for wrongful incarceration, that claim is not yet ripe. To bring a damages claim that directly or impliedly challenges the validity of an incarceration under § 1983, a claimant must have first obtained a favorable decision in state court or in federal habeas proceedings invalidating the incarceration he seeks to challenge. *Heck*, 512 U.S. 477, 486-87 (1994). *See also Edwards v. Balisok*, 520 U.S. 641, 645-46 (1997). Because Mr. Clark has not

obtained such a determination, his damages claim is not currently cognizable under § 1983 and must be dismissed as premature.

### IV. Motion for Leave to Proceed In Forma Pauperis (Doc. 2)

Mr. Clark's motion for leave to proceed in forma pauperis is granted. This matter shall be reclassified as a habeas corpus action and the $5.00 filing fee waived.

### V. Response Required

For the reasons stated herein, Mr. Clark's complaint is construed as a § 2241 habeas corpus petition and appears to be subject to dismissal for failure to exhaust state remedies. Mr. Clark is given the opportunity to show good cause why his complaint should not be so construed and why it should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **July 27, 2018**, in which to show good cause, in writing, why his complaint should not be construed as a habeas corpus petition and why it should not be dismissed without prejudice for the reasons stated herein.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to appear in forma pauperis (Doc. 2) is **granted.**

Copies of this Order shall be transmitted to the parties and the Attorney General for the State of Kansas.

The Clerk of the Court is directed to reclassify this matter as a habeas corpus action and waive the $5.00 filing fee.

**IT IS SO ORDERED.**

DATED: This 28th day of June, 2018, at Topeka, Kansas.

        **s/ Sam A. Crow**
        **SAM A. CROW**
        **U.S. Senior District Judge**