IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY EUGENE CLARK,

                           **Plaintiff,**

      v.                                                CASE NO. 18-3125-SAC

**CITY OF TOPEKA, et al.,**

                           **Defendants.**

## MEMORANDUM AND ORDER

This case comes before the Court on Petitioner Anthony Eugene Clark's Petition for writ of habeas corpus under 28 U.S.C. § 2241, originally filed as a complaint under 42 U.S.C. § 1983. On June 28, 2018, the Court entered a Memorandum and Order and Order to Show Cause (ECF Doc. 3) granting Petitioner to and including July 27, 2018, to show cause why this matter should not be construed as a habeas corpus petition and why it should not be dismissed for failure to exhaust state remedies. The Order states that "failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice." (ECF Doc. 3, at 5.) Petitioner has failed to file a response within the allowed time, and the Petition is dismissed without prejudice.

The rules applicable to proceedings under 28 U.S.C. § 2254 provide that the district court may apply those rules in other habeas matters. *See*, Rules Governing Habeas Cases Under § 2254.

1

Rule 11 of those rules, which the Court applies in these § 2241 proceedings[1], requires the district court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A petitioner is entitled to a COA only upon making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485.

The Court finds nothing in the present record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice.**

**IT IS SO ORDERED.**

DATED: This 29th day of August, 2018, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**

---

[1] The COA requirement is applicable to these proceedings. "A state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241, whenever 'the detention complained of [in the petition] arises out of process issued by a State court.'" *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000)(quoting 28 U.S.C. § 2253(c)(1)).